### THE TOBACCO RIVER MILLING AND MANUFACTURING COMPANY V. PETER F. DODDS, CIRCUIT JUDGE OF CLARE COUNTY.

INJUNCTION—TO RESTRAIN PROCEEDINGS FOR COLLECTION OF JUDGMENT.

Relator applied for *mandamus* to compel the respondent to dissolve a preliminary injunction restraining the collection of a judgment at law. An order to show cause was denied.

*C. W. Perry*, for relator, contended:

1. That relator bases its claim to relief solely on the grounds that the injunction was granted without notice, and that there is no equity in the bill.

2. That the bill sets forth the defense that complainant made as defendant in the suit at law, and shows it to have been a proper legal defense; that complainant does not claim that he was not allowed to make said defense; that on the contrary it was made and decided against complainant, and he simply seeks by said chancery suit to be relieved of the judgment at law; that complainant does not claim that he made a mistake in the claim he made in the suit at law or that he could not or did not make said defense as he wished to; that the court should not enjoin the collection of said judgment unless the bill shows some reason why the rights of the complainant were not litigated in the suit at law.

3. That complainant claimed on the trial that he did not write anything on the subscription paper containing subscriptions to the capital stock of the relator after his name except the word "fifty," while, as shown by said paper, the word "shares" follows said word; that complainant denied writing the word "shares;" that relator joined issue on said denial; that this question of fact was submitted to the jury, and they found against complainant; that had complainant claimed that he wrote the word "shares" by mistake, he would have had an equitable defense, and might have invoked equitable relief; that he makes no such claim in his bill, hence there is no equity in the bill, and the injunction should be dissolved.

4. That relator does not desire an order to show cause unless the Court is impressed with the idea that a writ of *mandamus* should issue unless the respondent is able to show by his return some reason, not apparent upon an examination of the pleadings, why the injunction should be retained.

The facts as alleged in the petition for *mandamus* were:

1. That on September 18, 1895, the relator recovered a judgment in the circuit court for Clare county against Robert-M. Mussell for $538 damages, and costs taxed at $24.85; that proceedings on said judgment were stayed to enable the defendant to move for a new trial, or settle a bill of exceptions; that during the life of said stay a motion for a new trial was made and denied, and that no bill of exceptions was presented for settlement or settled.

2. That on February 13, 1896, the defendant filed a bill on the equity side of said court, charging:

a—That the relator (defendant in said equity suit) recovered said judgment upon a subscription claimed in its declaration to have been made by the complainant to its capital stock, and which the complainant refused to pay, said subscription being in writing as follows: "R. M. Mussell, fifty shares, $500."

b—That complainant (as defendant in said action at law) gave notice under his plea of the general issue that he would show that if the subscription paper set out in said declaration purported to show that complainant subscribed $500 for the stock of the relator it was without sanction on his part, and such entry was made by some one other than the complainant; that the only amount complainant ever subscribed to the stock of relator was $50, which amount he stood ready to pay, and tendered to the relator.

c—That in the spring of 1892, the secretary and manager of relator solicited a subscription from complainant to its capital stock; that complainant informed said solicitor that he did not desire any of said stock, but that he would give $50 to aid relator in the erection of its flouring mill; that finally complainant signed his name to a subscription paper, thereby and thereon agreeing and intending to pay to relator $50; that some weeks afterwards complainant was informed that said solicitor was reporting that complainant had subscribed for fifty shares of relator's stock; that complainant demanded of said solicitor that he at once cease making such statement; that if the subscription paper in any manner indicated any such subscription to at once bring it to complainant for correction according to the facts as hereinbefore stated; that said solicitor admitted that complainant was correct in such statement, and agreed to bring in said subscription paper for correction, all of which he neglected to do.

d—That complainant never signed for any number of shares of stock on said paper, nor did he ever authorize any one

else to sign the word "shares" after the word "fifty" as written by him on said paper; that if the word shares is so written on said paper it was written either by some person not authorized by complainant, or, if so written by complainant, it was so written without his agreeing, meaning, or intending to do so, and through misapprehension, error, and mistake on his part; that said paper should be corrected and reformed in that regard, and the word shares, so far as it applies to complainant, should be stricken from said paper.

4. That upon the filing of the statutory bond a preliminary injunction was granted *ex parte* restraining relator from collecting its said judgment.

5. That relator filed an answer to said bill, in which, after admitting the allegations of the bill as to the soliciting of subscriptions to relator's capital stock, relator denied that complainant informed its solicitor that he did not wish any of said stock, but would give $50 to aid the relator in its enterprise, or that when complainant signed said paper he agreed to pay the sum of $50 to relator, as also all otherc harges in said bill to the effect that said subscription was unauthorized, or was not intended by complainant to be what on its face it purported to be, namely, a subscription for 50 shares of the capital stock of the relator, and denied the right of the complainant to the relief sought.

That said answer alleged that on the trial of said action at law the complainant was sworn in his own behalf, and testified that he did not write the word "shares" after the word "fifty" following his name in said subscription paper; that he wrote nothing after the word "fifty;" that the word "shares" was written by some person to him unknown, and that the same was a fraud upon him, which averments were supported by the affidavit of the court reporter; that an issue was thus raised on said trial as to whether or not complainant wrote the word "shares;" that the case was twice tried and submitted to the jury upon that theory; that said issue and defenses were raised by complainant himself, he claiming that the same could be raised in a suit at law; that said defense is one which should be made at law and not in equity; that said issue having been raised by complainant, and judgment having been had thereon, complainant cannot now raise the question of the signing of said subscription paper in a suit in equity begun for that purpose.

6. That relator moved the court on bill and answer to dissolve said injunction, which motion was denied.